UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 11-60-GWU


MARLA DIANE VAN WINKLE,                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her application for Supplemental Security Income (SSI).  The appeal is

currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.     Is the claimant currently engaged in substantial gainful activity?
       If so, the claimant is not disabled and the claim is denied.

2.     If the claimant is not currently engaged in substantial gainful
       activity, does he have any "severe" impairment or combination
       of impairments--i.e., any impairments significantly limiting his
       physical or mental ability to do basic work activities?  If not, a
       finding of non-disability is made and the claim is denied.

3.     The third step requires the Commissioner to determine
       whether the claimant's severe impairment(s) or combination of
       impairments meets or equals in severity an impairment listed

1

in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.  At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.  If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

3

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Marla Diane Van Winkle, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of bilateral hearing loss and arthritis.  (Tr. 18).  Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 20-24).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 49, eleventh grade education and unskilled work experience could perform any jobs if she were limited to "light" level exertion and also had the following non-exertional restrictions.  She: (1) could not climb ladders, ropes, or scaffolds; (2) could occasionally bend, stoop, crouch, crawl, and climb ramps and stairs; (3) could not work around high noise levels, moving machinery, unprotected heights, and other work hazards; and (4) could not be required to interact with the general public on a one-to-one basis more than occasionally.  (Tr. 54-55).  The VE responded that such a person could perform the sedentary level jobs of assembler and surveillance monitor, and proceeded to give the numbers in which they existed in the state and national economies.  (Tr. 55).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence, or if there was an error of law.

The plaintiff alleged disability beginning July 14, 2007 due to rheumatoid arthritis, hepatitis C, high blood pressure, and hearing loss.  (Tr. 158).  At the administrative hearing, however, she testified that she was diagnosed with hepatitis C but it was "not active" (Tr. 44) and the ALJ found that it was not a "severe" impairment (Tr. 18).  She stated that her hypertension was not controlled and that she had been advised to alleviate stress and go to the doctor's office or to the hospital if it got too high, but it had never been necessary to do this.  (Tr. 44-45).

The ALJ also found this condition to be non-severe.  The plaintiff does not challenge either of these conclusions.

The plaintiff's two primary problems were hearing loss and rheumatoid arthritis, and she testified that she had voluntarily quit work as a clerk in a convenience store in July, 2007 because she had difficulty hearing what customers wanted and because she had difficulty stocking the shelves due to arthritis.  (Tr. 38-40).  Although she was on pain medication, she had difficulty performing all postural activities, was not comfortable even lying down, and tried not to lift any weight at all.  (Tr. 47-48, 50).  She would try to walk every day, and would sometimes do shopping, but had given up most activities.  (Tr. 42, 52).  Regarding her hearing, the plaintiff stated that she had trouble comprehending speech in the presence of background noise and had tubes inserted in both ears.  (Tr. 34-35).  She had difficulty with the tubes coming out of place and initially testified that they had come out eight times in the previous year but admitted that she might have been overstating the frequency of the problem.  (Tr. 35-36).

The plaintiff makes three allegations of error on appeal.

First, she maintains that it was error for the ALJ to reject a residual functional capacity assessment by her treating family physician, Dr. Rick Angel.  Dr. Angel submitted office notes reflecting a diagnosis of rheumatoid arthritis, as well as problems with ear infections.  (E.g., Tr. 214-28).  On May 1, 2007, he completed a

physical residual functional capacity assessment form indicating that his patient could "never" lift even 10 pounds, could not use her hands for repetitive actions such as pushing, pulling, and fine manipulations, although she "sometimes" could perform simple grasping, could "never" squat, crawl, or climb, could occasionally bend and reach above shoulder level, and had mild restrictions on being around moving machinery and on driving automotive equipment.  (Tr. 15).

As the plaintiff correctly points out, the Commissioner's regulations provide that a treating source opinion must be given controlling weight where it is well-supported and not inconsistent with other substantial evidence in the record.  20 C.F.R. § 416.927.  In addition, there is a procedural requirement that the ALJ must provide "good reasons" for rejecting a treating source opinion, which may require a remand even where the decision is otherwise supported by substantial evidence. Wilson v. Commissioner of Social Security, 378 F.3d 541, 546 (6th Cir. 2004). Clearly, if the plaintiff could perform no lifting at all, she would not be able to perform any job.  The ALJ rejected Dr. Angel's assessment because it was poorly supported by his treatment notes and inconsistent with the remainder of the record.  (Tr. 22). He did not identify any specific ways in which it was inconsistent with Dr. Angel's treating notes, however.  The ALJ went on to say that he would give "more weight to the progress notes of Dr. Angel as they can provide a detailed, longitudinal picture of the claimant's medical impairments."

As the plaintiff points out, it is difficult to discern the ALJ's reasoning from these statements.  The Sixth Circuit has noted that even when an ALJ correctly reaches a determination that a treating source opinion is inconsistent with other evidence, it means only that the opinion is not entitled to controlling weight, and is still entitled to deference.  Blakley v. Commissioner of Social Security, 581 F.3d 399, 408 (6th Cir. 2009).  The ALJ must go on to weigh the treating source opinion using the factors provided in 20 C.F.R. § 416.927.  Id.[1]  Moreover, the Sixth Circuit has held on more than one occasion that the fact that there is sufficient evidence in the record for the ALJ to discount a treating source opinion is not an excuse for the denial of the mandatory procedural protection.  Wilson, 378 F.3d at 546.  "A failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded to the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record."  Rogers v. Commissioner of Social Security, 486 F.3d 234, 243 (6th Cir. 2007).  In the present case, the Commissioner devotes approximately a full page of his brief in providing reasons for finding that Dr. Angel's conclusions were inconsistent with his office

---

[1]In an unpublished case, the court stated that "[p]ut simply, it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick."  Friend v. Commissioner of Social Security, 375 F.Appx. 543 (6th Cir. 2010).

notes.  <u>Memorandum in Support of the Commissioner's Decision</u>, Docket Entry No. 11, pp. 4-5.  Not only is all of this reasoning completely absent from the ALJ's decision, however, the ALJ did not discuss the treating physician's office notes at all apart from his peremptory rejection of them.  (Tr. 20-22).  Therefore, a remand will be required for further consideration of this point.

The court does not find that the plaintiff's other two assignments of error are meritorious.  The ALJ provided a reasonable basis for finding that the plaintiff's subjective complaints were not entirely credible, specifically noting that she had provided inconsistent information regarding her treatment.  (Tr. 20, 36).  The plaintiff's final argument is that she should have been restricted to sedentary level exertion based on the VE's response to the hypothetical question, noting that this could be of significance after her 50th birthday, which occurred subsequent to the ALJ's decision.  The plaintiff asserts that under the ruling in <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837, 842 (6th Cir. 1997), the current findings regarding her exertional limitation would be binding in a subsequent application.  As the Commissioner points out, however, this is only true in the absence of evidence of a change in her condition.  Moreover, a subsequent ALJ would have great latitude to accept new VE testimony.  <u>Conn v. Secretary of Health and Human Services</u>, 51 F.3d 607, 610 (6th Cir. 1995).  Generally, if a judgment does not depend on a given determination, relitigation of that determination is not

precluded.  <u>Bobby v. Bies</u>, 129 S. Ct. 2145, 2152 (2009).  In the present case, the only thing that matters about the VE's testimony is that he found there were jobs the plaintiff could perform in response to the hypothetical question; the exertional level of the jobs identified is not critical to the determination.  Therefore, it cannot be assumed that the current exertional finding would apply in the future.

The decision will be remanded for further consideration.

This the 22nd day of December, 2011.

Signed By:

<u>G. Wix Unthank</u>

United States Senior Judge